1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10 | RUCHELL MAGEE,                )   1:09-CV-01663 OWW GSA HC
   |                              )
11 |              Petitioner,     )   FINDINGS AND RECOMMENDATION
   |                              )   REGARDING PETITION FOR WRIT OF
12 |     v.                       )   HABEAS CORPUS
   |                              )
13 |                              )
   | K. CLARK, Warden,            )
14 |                              )
   |              Respondent.     )
15 | _____ )

16
17          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

18  pursuant to 28 U.S.C. § 2254.  This action has been referred to this Court pursuant to 28

19  U.S.C. § 636(b)(1) and Local Rule 72-302.

20          On September 21, 2009, Petitioner filed the instant petition for writ of habeas corpus in this

21  Court. Petitioner raises multiple challenges concerning a denial of parole and his underlying

22  convictions.

                                   **DISCUSSION**

23  A.  Procedural Grounds for Summary Dismissal

24          Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

25      If it plainly appears from the petition and any attached exhibits that the petitioner is not
        entitled to relief in the district court, the judge must dismiss the petition and direct the clerk
26      to notify the petitioner.

27  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

28

1   habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

2   dismiss, or after an answer to the petition has been filed.  See Herbst v. Cook, 260 F.3d 1039 (9th

3   Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it

4   appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson,

5   440 F.2d 13, 14 (9th Cir. 1971).

6   B.  Preliminary Review of Petition

7        The instant petition presents numerous grounds for relief concerning a denial of parole and

8   his underlying convictions. Pursuant to 28 U.S.C. § 1391(b), claims relating to the underlying

9   conviction are to be brought in the district of conviction, which in this case is the Central District of

10  California.  The Court will address each claim individually.

11       In Ground One, Petitioner claims the California Supreme Court failed to allow a hearing on

12  the Board of Parole Hearings' denial of parole based on an alleged use of improper offense

13  information. Petitioner maintains he is innocent of the underlying convictions. He claims the

14  California Supreme Court failed to allow him an opportunity to prove his innocence. This claim is

15  essentially an attack on the underlying convictions. The Board is charged with determining whether

16  Petitioner is suitable for parole. See 15 Cal. Code Regs. § 2402.  A parole suitability hearing is not

17  the proper forum to attack the underlying convictions. If Petitioner seeks to challenge his

18  convictions, he must do so in the sentencing court. Since the instant claim is merely a disguised

19  challenge to Petitioner's convictions, it should be dismissed.

20       In Ground Two, Petitioner claims the California Supreme Court failed to allow a hearing on

21  the parole board's alleged failure to provide a "time fixing" hearing. Petitioner alleges he requested a

22  hearing during his parole proceedings pursuant to In re Stanworth, 33 Cal.3d 176 (1983). The claim

23  is not cognizable in this action. He claims he is entitled to a procedure pursuant to a state law, and

24  generally, issues of state law are not cognizable on federal habeas. Estelle v. McGuire, 502 U.S. 62,

25  67, (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of

26  state law.' "), quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333,

27  348-49 (1993) (O'Connor, J., concurring) ("mere error of state law, one that does not rise to the level

28  of a constitutional violation, may not be corrected on federal habeas"). In addition, "the availability

1   of a claim under state law does not of itself establish that a claim was available under the United

2   States Constitution." Sawyer v. Smith, 497 U.S. 227, 239 (1990), *quoting*, Dugger v. Adams, 489

3   U.S. 401, 409 (1989). The instant claim is based on state law and should be dismissed.

4        In his third and fourth grounds for relief, Petitioner contends the California Supreme Court

5   suppressed evidence of Petitioner's innocence of his underlying convictions. Again, since these

6   claims challenge the underlying convictions, they must be brought in the sentencing court.

7        In summary, the instant petition presents claims attacking the underlying convictions. Such

8   challenges must be brought in the sentencing court. Petitioner has been so informed on several

9   occasions. See, e.g., Magee v. Clark, case no. 09-CV-01341 DLB HC; Magee v. Scribner, case no.

10  05-CV-00114 REC BAK HC. Since no tenable claim for relief can be raised that would be proper in

11  this forum were the Court to grant an amendment, the instant petition should be dismissed.

12                                   **RECOMMENDATION**

13       Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas

14  corpus be DISMISSED.

15       This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United

16  States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule

17  72-304 of the Local Rules of Practice for the United States District Court, Eastern District of

18  California.

19       Within thirty (30) days after being served with a copy, any party may file written objections

20  with the court and serve a copy on all parties.  Such a document should be captioned "Objections to

21  Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and

22  filed within ten (10) court days (plus three days if served by mail) after service of the objections.

23  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The

24  parties are advised that failure to file objections within the specified time may waive the right to

25  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

26

27       IT IS SO ORDERED.

28       **Dated:   November 24, 2009              /s/ Gary S. Austin**

1                          UNITED STATES MAGISTRATE JUDGE

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28