# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUCHELL MAGEE,<br><br>                  Petitioner,<br><br>    v.<br><br>K. CLARK, Warden,<br><br>                  Respondent. | 1:09-CV-01663 OWW GSA HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION IN PART<br>[Doc. #9]<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH LEAVE TO AMEND<br><br>ORDER DIRECTING CLERK OF COURT TO SEND BLANK HABEAS FORM<br><br>ORDER DENYING MOTION FOR DISQUALIFICATION<br>[Doc. #11]<br><br>ORDER REFERRING MATTER BACK TO MAGISTRATE JUDGE FOR FURTHER PROCEEDINGS |

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

      On November 24, 2009, the Magistrate Judge issued a Findings and Recommendation that recommended the petition be SUMMARILY DISMISSED. The Magistrate Judge further recommended that the Clerk of Court be DIRECTED to enter judgment. The Findings and

1  Recommendation was served on all parties and contained notice that any objections were to be filed
2  within thirty (30) days of the date of service of the order.

3        On December 11, 2009, Petitioner filed objections to the Findings and Recommendation. In
4  accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo*
5  review of the case.  The claims presented in the petition are not cognizable and must be dismissed
6  for the reasons stated by the Magistrate Judge. In Ground One, Petitioner attempts to attack a denial
7  of parole based on his innocence of the underlying convictions. As stated in the Findings and
8  Recommendation, any challenge to the underlying conviction must be brought in the jurisdiction of
9  the sentencing court, which in this case is the Central District of California. Ground Two is not
10 proper since Petitioner is complaining the California Supreme Court erred by failing to grant him a
11 hearing pursuant to a state law, and such issues of state law are generally not cognizable in a federal
12 habeas action. Estelle v. McGuire, 502 U.S. 62, 67 (1991). Grounds Three and Four attack the
13 underlying convictions and must also be brought in the Central District of California.

14       Nevertheless, in his objections Petitioner raises certain other issues which involve the parole
15 board and a parole denial. In particular, Petitioner appears to complain that the Board continues to
16 rely on the underlying offense in denying parole. Petitioner also claims that prison officials failed to
17 provide a sentencing hearing to fix his life sentence as required by statute. Such claims may be
18 cognizable in a federal habeas action.  Therefore, the Court will dismiss the petition but provide
19 Petitioner an opportunity to file an amended petition, since it appears that a tenable claim may be
20 pleaded. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir.1971).  However, Petitioner is advised once again
21 that any claim involving his underlying convictions must be made in the Central District of
22 California. He is also advised that the amended petition must reference the instant case number. He
23 further advised that with respect to his claims, he must comply with Rule 2(c) of the Rules
24 Governing Section 2254 Cases by specifying his grounds for relief and stating the facts supporting
25 each ground. This means that Petitioner must provide details on the parole denial and the prison's
26 alleged failure to comply with the sentencing law, not the underlying conviction. Petitioner is
27 forewarned that failure to comply with this Order will result in dismissal of the petition and
28 termination of the action.

Motion for Disqualification

On December 21, 2009, Petitioner filed a statement requesting disqualification of the undersigned. Under 28 U.S.C. § 455, a judge has an affirmative duty to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." See Liteky v. United States, 510 U.S. 540, 555 (1994) (citation omitted).  The substantive standard for recusal under 28 U.S.C. § 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997); United States v. Studley, 783 F.2d 934, 939 (9th Cir.1986).

The alleged bias must stem from an "extrajudicial source."   Liteky v. United States, 510 U.S. at 554-56; United States v. Hernandez, 109 F.3d 1450, 1454 (9th Cir. 1997). The Ninth Circuit has held that rulings by a court during the course of a case cannot be extra-judicial conduct. See Hasbrouck v. Texaco, Inc., 830 F. 2d 1513, 1523-24 (9th Cir. 1987); Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F. 2d 1538, 1548 (9th Cir. 1988).  However, in Liteky v. United States, the Supreme Court recognized that:

> The fact that an opinion held by a judge derives from a source outside judicial proceedings is not a necessary condition for "bias or prejudice" recusal, since predispositions developed during the course of a trial will sometimes (albeit rarely) suffice.

Liteky, 510 U.S. 540, 554.  However, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. Liteky, 510 U.S. at 555; Ortiz v. Stewart, 149 F.3d 923, 940 (9th Cir. 1998); United States v. Bauer, 84 F.3d 1549, 1560 (9th Cir.1996).  Judicial bias or prejudice formed during current or prior proceedings is sufficient for recusal only when the judge's actions "display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 555; United States v. Chischilly, 30 F.3d 1144, 1149 (9th Cir.1994).  Thus, judicial rulings may support a motion for recusal only "in the rarest of circumstances." Liteky, 510 U.S. at 555; Chischilly, 30 F.3d at 1149.

In this case, Petitioner moves for recusal based on the undersigned's orders in this case and other cases involving Petitioner.  As such, they are not a proper reason for recusal without a showing of "deep-seated and unequivocal antagonism that would render fair judgment impossible."  He fails

to make such a showing. Petitioner has not demonstrated such a deep-seated favoritism on the part of the undersigned as to make fair judgment impossible.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued November 24, 2009, is ADOPTED IN PART;

2. The petition for writ of habeas corpus is DISMISSED;

3. Petitioner is GRANTED leave to file an amended petition within thirty (30) days of the date of service of this Order;

4. The Clerk of Court is DIRECTED to send Petitioner a blank form for filing a habeas action;

5. Petitioner's motion for disqualification is DENIED; and

6. The matter is REFERRED BACK to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

**Dated:   January 23, 2010**            **/s/ Oliver W. Wanger**
                                         UNITED STATES DISTRICT JUDGE

E. D. California          cd                    4