UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RUCHELL MAGEE, | ) | 1:09-CV-01663 OWW GSA HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING MISCELLANEOUS MOTIONS |
| | ) | |
| v. | ) | |
| | ) | [Docs. #16, 17, 18, 19] |
| K. CLARK, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On September 21, 2009, Petitioner, who was determined to be a vexatious litigant, filed a petition for writ of habeas corpus in this Court. On November 29, 2009, the undersigned issued a findings and recommendation that recommended the petition be summarily dismissed. On January 25, 2010, the District Court adopted the findings and recommendation in part, but granted Petitioner leave to file an amended petition only with respect to a potential claim that the parole board continues to rely on unchanging factors in denying parole. Petitioner was specifically warned that he was not permitted to bring challenges to his underlying convictions for numerous reasons. On February 9, 2010, Petitioner filed a first amended petition. The undersigned issued an order on February 17, 2010, directing Respondent to file a response to the petition; however, Respondent was

instructed to ignore the various additional petitions that Petitioner attached to his petition since those petitions were not permitted.

Since then, Petitioner has flooded this Court with new habeas petitions and various motions, all in an attempt to bring additional challenges involving his underlying convictions. As Petitioner has been informed on previous occasions, these additional claims and challenges will not be allowed. This case is proceeding solely on Petitioner's challenges to the parole board's denial. This is not an opportunity for Petitioner to relitigate the underlying convictions or open up for consideration any and every claim involving Petitioner's criminal history. Only those facts and arguments relevant to the parole board's decision will be considered. This means that as far as this Court is concerned, Petitioner's convictions are settled and final. Should he wish to challenge those convictions, he must do so in the proper venue, which in this case is the Central District of California. Further, he must abide by the Orders filed on July 19, 1988, in In the Matter of Ruchell Cinque Magee, CV-S-86-1299-MLS, CV-S-86-1394-EJG, CV-S-87-0149 LKK, CV-S-87-0382-LKK, CV-S-87-0450-EJG, CV-S-87-0482-LKK, CV-S-87-1412-EJG, CV-S-87-1543-RAR, CV-S-88-0030-LKK, CV-S-88-0586-MLS, CV-S-88-0656-LKK, and CV-S-88-0782-MLS, in which Petitioner was found to have abused the processes available to indigent litigants.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Petitioner's miscellaneous motions filed on March 15, 17, 23, and 25 [Docs. #16-19] are DENIED.

IT IS SO ORDERED.

Dated:   **March 30, 2010**            /s/ **Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE