UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RUCHELL CINQUE MAGEE, | ) | 1:09-CV-01663 OWW GSA HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING RESPONDENT'S MOTION |
| v. | ) | TO DISMISS |
| | ) | |
| | ) | [Doc. #25] |
| K. CLARK, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND[1]**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Santa Clara, following his conviction by jury trial in 1975 for kidnaping in violation of Cal. Penal Code § 209. He was sentenced to an indeterminate prison term of seven years to life.

---

[1] This information is derived from the petition for writ of habeas corpus, Respondent's motion to dismiss the petition, the lodged documents in support of Respondent's motion to dismiss, Petitioner's opposition, and Respondent's reply. Fed. R. Evid § 201.

Petitioner does not challenge his conviction, however. He challenges a 2008 decision by the California Board of Parole Hearings (hereinafter "Board" or "Parole Board") denying him parole and failing to set a determinate term.

On September 25, 2008, Petitioner filed a petition for writ of habeas corpus in the Santa Clara County Superior Court. He subsequently filed a second habeas petition in the same court. On December 2, 2008, the superior court denied the petitions because Petitioner had "failed to include all legally required documents relating to his latest parole hearing." (Resp't's Mot. Ex. 3.)  Petitioner then filed a habeas petition in the California Court of Appeal. The petition was summarily denied on February 4, 2009.  On February 20, 2009, Petitioner filed a habeas petition in the California Supreme Court. On July 22, 2009, the petition was denied with citation to In re Miller, 17 Cal.2d 734 (1941) and People v. Duvall, 9 Cal.4th 464, 474 (1995). (Resp't's Mot. Ex. 7.)

On September 21, 2009, Petitioner filed a federal petition for writ of habeas corpus in this Court. On February 9, 2010, he filed the instant amended petition. The amended petition appears to present the following five (5) claims for relief: 1) the Board violated the Ex Post Facto clause by converting Petitioner's sentence of life with the possibility of parole to life without by continuing to rely on the commitment offense in denying parole; 2) the Parole Board failed to afford Petitioner a term-fixing hearing as required by the California Penal Code and the Board's regulations; 3) the Board's denial of parole is without any evidentiary support; 4) the Board's failure to fix a term violates the Ex Post Facto clause; and 5) Petitioner's sentence constitutes cruel and unusual punishment under the Eighth Amendment.

On April 20, 2010, Respondent filed a motion to dismiss the petition for failure to exhaust state remedies, failure to comply with the statute of limitations, and failure to present a cognizable federal claim.  On June 25, 2010, Petitioner filed an opposition to Respondent's motion to dismiss. Respondent filed a reply on July 9, 2010.

**DISCUSSION**

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

B.  Exhaustion of State Remedies

A state prisoner petitioning for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner

wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In the amended petition before the Court, Petitioner raises five grounds for relief. Respondent concedes that Grounds One and Four involving Ex Post Facto violations have been presented to the California Supreme Court and are therefore exhausted. However, Respondent contends that Grounds Two, Three, and Five are unexhausted. The Court has reviewed the state court records and concludes Respondent is correct.

In Ground Two, Petitioner claims the Board failed to afford him a term-fixing hearing in violation of the California Penal Code and the Board's regulations. Petitioner presented this claim in a petition to the California Supreme Court; however, that petition was denied with citation to In re Miller, 17 Cal.2d 734 (1941) and People v. Duvall, 9 Cal.4th 464, 474 (1995). Miller stands for the California procedural rule that a petitioner may not present a duplicative claim. 17 Cal.2d 734. Duvall stands for the requirement that a petitioner "include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations." 9 Cal.4th at 474. In his state proceeding, Petitioner failed to provide the transcript of the parole hearing thereby depriving the state court of the opportunity to review his claims. His petition was therefore procedurally deficient. Claims denied as procedurally deficient are

not exhausted because it is possible a state remedy still exists. <u>Harris v. Superior Court of State of Cal., Los Angeles County</u>, 500 F.2d 1124 (9th Cir.1974) (en banc). In this case, it is unclear whether a remedy still exists with respect to Ground Two. It is either unexhausted or procedurally defaulted.

In Ground Three, Petitioner alleges the Board's decision denying him parole was rendered without evidentiary support. Petitioner notes in his opposition that he did in fact raise this claim in a petition to the California Supreme Court which was denied on May 20, 2010. However, the claim was based entirely on state law. Petitioner failed to present a federal basis and thus did not alert the state court that he was raising a federal claim. Therefore, Respondent correctly argues the claim is unexhausted.

In Ground Five, Petitioner contends the Board's denial of parole violated his Eighth Amendment right to be free from cruel and unusual punishment. Upon review of the various state petitions, it appears Petitioner never presented this claim to the California Supreme Court. Therefore, this claim is unexhausted as well.

The instant petition is a mixed petition containing exhausted and unexhausted claims. The Court must dismiss such a petition without prejudice to give Petitioner an opportunity to exhaust the claims if he can do so. <u>See</u> <u>Rose</u>, 455 U.S. at 521-22.

C.  <u>Failure to Present Cognizable Federal Claim</u>

Respondent further alleges Petitioner fails to present a cognizable claim with respect to his first claim for relief in which he contends the Board converted his sentence in violation of the Ex Post Facto clause. Respondent's argument is persuasive since the Board did not alter Petitioner's sentence. Petitioner's sentence is seven years to life, with the possibility of parole. By denying him parole at his 2008 hearing, the Board did not deny him parole forevermore. He remains eligible for parole at his next hearing. Cal. Penal Code § 3041. As the sentence is unchanged, there can be no Ex Post Facto violation. The claim should therefore be dismissed.

Respondent also claims that Petitioner fails to state a federal claim with respect to his second claim for relief. Respondent's argument is persuasive. The claim is entirely based on a violation of state law and the Board's regulations. He does not claim a violation of Federal law or the Constitution. In general, issues of state law are not cognizable on federal habeas. <u>Estelle v. McGuire</u>,

502 U.S. 62, 67, (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' "), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-49 (1993) (O'Connor, J., concurring) ("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas"). Moreover, Federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989). Therefore, the claim should be dismissed.

D.  Failure to Comply with the Statute of Limitations

Finally, Respondent contends that Petitioner's fourth claim for relief concerning an alleged Ex Post Facto violation is untimely. As noted by Respondent, the statute of limitations set forth in 28 U.S.C. § 2244(d)(1) requires prisoners to seek federal relief within one year of discovering their claim, or one year after April 27, 1996, whichever is latest. Malcolm v. Payne, 281 F.3d 951, 955 (9th Cir. 2002).  Respondent alleges Petitioner should have discovered his claim that the Board failed to fix his term at a term-setting hearing in violation of the Ex Post Facto clause more than a decade before he filed his federal petition. Petitioner does not dispute this. Because Petitioner should have filed a federal petition with respect to this claim on or before April 26, 1997, the claim is untimely and should be dismissed.

E.  Conclusion

Petitioner presents five claims for relief. Ground One is not cognizable.  Ground Two is unexhausted and fails to present a cognizable federal claim. Ground Three is unexhausted.  Ground Four is untimely. Ground Five is unexhausted. Accordingly, Respondent's motion to dismiss should be GRANTED.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that Respondent's motion to dismiss be GRANTED. The Court further RECOMMENDS that Grounds One, Two, and Four be DISMISSED

1  WITH PREJUDICE, Grounds Three and Five be DISMISSED WITHOUT PREJUDICE[2], and the
2  petition be DISMISSED.  This Findings and Recommendation is submitted to the United States
3  District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and
4  Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of
5  California.
6        Within thirty (30) days after date of service of this Findings and Recommendation, any party
7  may file written objections with the Court and serve a copy on all parties.  Such a document should
8  be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the
9  Objections shall be served and filed within fourteen (14) days after date of service of the Objections.
10 The Finding and Recommendation will then be submitted to the District Court for review of the
11 Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure
12 to file objections within the specified time may waive the right to appeal the Order of the District
13 Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

15     IT IS SO ORDERED.
16     **Dated:   July 14, 2010**               **/s/ Gary S. Austin**
                                                                      UNITED STATES MAGISTRATE JUDGE

---

[2] A dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred from returning to federal court after Petitioner exhausts available state remedies by 28 U.S.C. § 2244 (b)'s prohibition on filing second petitions.  See In re Turner, 101 F.3d 1323 (9th Cir. 1996).  However, the Supreme Court has held that:

> [I]n the habeas corpus context it would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims.  See Fed. Rules Civ. Proc. 41(a) and (b).  Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court.  The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).

Slack v. McDaniel, 529 U.S. 473, 489 (2000). Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.